IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHONDOLYN ROCHELLE BLEVINS,     §
                                §
v.                              §  CIVIL ACTION NO.4:14-CV-1028-Y
                                §
BUREAU OF PRISONS, et al.       §

OPINION and ORDER OF PARTIAL DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se-inmate/
plaintiff Shondolyn Rochelle Blevins's pleadings under the screening
provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Blevins filed
a civil complaint seeking relief against the Bureau of Prisons and
officials at FMC-Carswell.(Compl. at 1.) Plaintiff alleges that
while housed in that facility, on December 19, 2013, fellow inmate
Dawn Walker bit off her index finger, and she alleges that Walker
was housed with her even though Walker had a prior history of
repeatedly attacking other inmates.(Compl. § IV.)Plaintiff initially
named as defendants the Bureau of Prisons, Warden Jody Upton, and
Assistant Warden Raul Campos Jr. (Compl., Style; § III.) In response
to this Court's order, Blevins filed a more definite statement
including answers to the Court's questions regarding her underlying
facts and claims. (More Definite statement (MDS).) In that document,
Plaintiff added as defendants the United States of America, Officer
Davidson, and   Chief of Security Greenfield.[1]  (MDS at 1-2.)

---

[1] The clerk of Court is directed to list on the docket as defendants:
United States of America; Bureau of Prisons; Jody Upton, Warden; Raul
Campos Jr., Assistant Warden; NFN Greenfield, Chief of Security;  Officer
Davidson, and unnamed guards.

Plaintiff Blevins seeks monetary damages. (Compl. § IV.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490 U.S. at 327.) After review of the complaint and more definite statement under these standards, the Court concludes that many of Blevins's claims

2

must be dismissed. With regard to the remaining claims, the Court will allow summonses to be issued for service upon the United States of America and some individual defendants, as set forth in a separate order.

*Bureau of Prisons*

Blevins has named as a defendant the Bureau of Prisons (BOP). Plaintiff has not asserted the exact theories of recovery she pursues in this case, but as she referred to a remedy under the "Tort Claims Act", and as she seeks recovery for violation of her Eighth Amendment right to be free from cruel and unusual punishment, the Court construes her pleadings as stating a claim under the Federal Tort Claims Act (FTCA), and a separate claim for violation of constitutional rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"), 403 U.S. 388 (1971). In the *Bivens* case, the Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. at 297. *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999)("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"),*overruled on other grounds*, *Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

3

Plaintiff asserts her claims against the individual defendants under *Bivens*. A *Bivens* claim is not authorized against a federal agency. *Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994). Plaintiff may not assert relief for violation of her constitutional rights against the Bureau of Prisons.

In response to the Court's order for more definite statement Blevins acknowledged that she sought to maintain a claim under the FTCA, and that she sought to add as a defendant on such claim the United States of America. The FTCA waives the United States's sovereign immunity from tort suits. *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998)(citing 28 U.S.C. § 2674)). Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States. *Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991)(citing *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)). In order to sue successfully under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire,* 137 F.3d at 324 (citing *Atorie Air, Inc.,* 942 F.2d at 957). Plaintiff has now done this. The BOP is not a proper defendant in a suit under the FTCA.

Because the BOP is not a proper party under either theory of recovery Blevins could be said to have alleged in her pleadings in this action, such defendant must be dismissed.

*No Color of Law*

Plaintiff alleges she was the victim of an attack by fellow

4

inmate Dawn Walker: "[o]n 12-19-2013 Inmate Dawn Walker bit the right index finger off of Inmate Shondolyn R. Blevins the Plaintiff." (Compl. § IV.)  In order to assert a claim for damages for violation of federal constitutional rights under *Bivens,* a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of law. *See West v. Atkins,* 487 U.S. 42, 48 (1988)(elements of § 1983 action); *Evans,* 168 F.3d at 863 n. 10.  Plaintiff has alleged no facts that indicate defendant Walker, a fellow prisoner, was acting under color of law at the time she allegedly assaulted Plaintiff. *See generally Prude v. Brice,* No. 9:10-CV-1, 2010 WL 2179518, at *3 (E.D. Tex. May 24, 2010) ("Section 1983 does not cover claims against purely private parties, such as a fellow inmate, and, therefore does not constitute a cognizable federal claim")(citing *Richard v. Hoechst Celanese Chem Group, Inc.,* 355 F.3d 345, 352 (5th Cir. 2003)). Furthermore, when asked to identify any facts that might support a "color-of-law" claim, Plaintiff wrote only that "Inmate Walker did not realize that she was being used." (MDS, at 1.) As Plaintiff has not alleged any facts that show Walker was acting under color of law, Plaintiff's claims against Walker must be dismissed.

   *No Personal Involvement*

   In order to state a *Bivens* claim, the Plaintiff must allege the personal involvement of a defendant. *Guerrero-Aguil ar v. Ruano*, 118 F. App'x 832, 833 (5th Cir.2004). Federal officials cannot be held

vicariously liable for the acts of subordinates under the doctrine of respondeat superior. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir 1998) (citing *Abate v. Southern Pac. Transp. Co.,* 993 F.2d 107, 110 (5th Cir. 1993)). Without personal involvement or participation in an alleged constitutional violation, the individual should be dismissed as a defendant. *Cronn*, 150 F.3d at 544 (citing *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987)).

In her complaint, Plaintiff alleged that "guards retaliated for the numerous grievances I submitted regarding their atrocious misconduct." (Compl. § IV.) But in response to the Court's directive to name these persons and state any facts showing personal involvement of any guard in taking retaliatory acts against her, Plaintiff provided no further information. Thus, Plaintiff's claims against the unnamed guards must be dismissed.

In her more definite statement, Plaintiff added two new individual defendants in addition to the United States. As to one of those defendants, A. Greenfield, identified as chief of security, Blevins alleged only that Greenfield had a "duty to recognize such threats." (MDS at 2.) But she provided no further factual statements relating to this defendant. (MDS at 2.) As Blevins has not alleged any particular facts that Greenfield was specifically involved in the decisions regarding her placement in a cell with Walker or was aware of Walker's history, she has not stated a viable individual liability claim under *Bivens* for violation of the Eighth Amendment*, and her claim against A. Greenfield must be dismissed.

6

*Dismissal*

Therefore, the following claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)B)(i) and (ii): all claims against the Bureau of Prisons, all claims against any unnamed guards, and all claims against A. Greenfield.

SIGNED May 27, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE