IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHONDOLYN ROCHELLE BLEVINS, §
(BOP No. 15329-035) §
 §
V. § CIVIL ACTION NO.4:14-CV-1028-Y
 §
JODY UPTON, Warden, §
FMC-Carswell, et al.[1] §

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
ON THE BASIS OF LACK OF EXHAUSTION**

Now pending is the motion for summary judgment of defendants Jody Upton, Raul Campos Jr., and Jonathan Davison, seeking judgment, in part, on the ground that inmate/plaintiff Shondolyn Rochelle Blevins failed to exhaust administrative remedies on her claims against them prior to filing this suit.(Br. in Supp. of Mot. Summ. J.(doc. 43).) After review and consideration of the summary-judgment motion, supporting documents, and Blevins's responsive documents, the Court concludes that Blevins did not exhaust administrative remedies before she filed this suit, and the Court will grant the motion.[2]

I.   BACKGROUND

Plaintiff Blevins initially filed this action in December 2014

---

[1]Although the United States of America and the Bureau of Prisons ("BOP") were previously defendants in this case, they have each been dismissed. As a result, the lead remaining party, Jody Upton, should be listed as the lead defendant in the style of this action.

[2]The defendants alternatively seek summary judgment on the ground that each of them is entitled to qualified immunity.(Br. in Supp. of Mot. Summ. J. (doc. 53) at 8-11, 14-27.) Because the Court can resolve the motion on the basis of lack of exhaustion, it does not reach the qualified-immunity question.

against several defendants, alleging that while she was housed in the FMC-Carswell segregated housing unit (SHU), she was the victim of an inmate-on-inmate attack.(Am. Compl. (doc. 1) at 3-4.) In the early stages of the case, the Court dismissed some claims and defendants under Federal Rule of Civil Procedure 54(b).[3] Although dispositive motions were originally filed by the three remaining individual defendants, because Blevins then sought to amend her complaint, the Court dismissed those motions without prejudice and allowed Blevins to file an amended complaint. (Doc. 44.) Blevins did file an amended complaint, to which the defendants filed an answer, and Blevins filed a Rule 7(a)(7) Reply. (Docs. 45, 47, 50.) In accordance with a revised scheduling order, the defendants then filed this summary-judgment motion, accompanied by a brief, and appendix. (Docs. 52, 53, 54.)

## II. SUMMARY-JUDGMENT EVIDENCE

Defendants provided an appendix in support of the summary-judgment motion, including the August 26, 2016 Declaration of Jonathan Davison (Exhibit B (doc. 54) at 23-25) and the July 23, 2018 Declaration of FMC-Carswell Executive Assistant Patricia

---

[3]The Court previously dismissed, under authority of 28 U.S.C. § 1915A and § 1915(e)(2)(B), Blevins's claims against the BOP, claims against unnamed guards, and her claim against A. Greenfield.(Docs. 11,12.) The Court separately dismissed her claims under the Federal Tort Claims Act ("FTCA") against the United States of America.(Docs. 27, 28.)

Comstock (Exhibit A, (doc. 54) 3-5).(App. (doc. 54).)[4] Comstock attached records to her declaration organized in three Attachments: Blevins's January 2, 2014 Informal Resolution Attempt, her January 9, 2014 Request for Administrative Remedy (assigned case number 767033) and Warden Upton's March 4, 2014 Response in case number 767033 (Attachment 1 (doc. 54) at 6-11); Blevins's March 9, 2014 Administrative Remedy Appeal in case number 767033 and Regional Director J. A Keller's April 8, 2014 Response in case number 767033 (Attachment 2 (doc. 54) at 12-14); and a copy of the BOP SENTRY generated Administrative Remedy Generalized Retrieval record for Blevins (register number 15329-035)(Attachment 3 (doc. 54) at 15-25).[5]

Blevins filed three documents responsive to the motion for summary judgment, including "Plaintiff's Objections" to defendants' motion for summary judgment, a brief in support of her objections, and an appendix. (Docs. 61, 62, and 63.) Blevins included in her appendix a copy of a February 5, 2014 Rejection Notice-Administrative Remedy from the FMC-Carswell Administrative Remedy

---

[4]Although the Defendant's Appendix is numbered in the lower right corner, the Court cites to the top-of-the-page numbering assigned to the pages within the Appendix by the Electronic Case Numbering (ECF) system.

[5]Comstock's Declaration incorrectly refers to the Sentry records as "Attachment 1", although the Sentry records are actually included in Attachment 3; refers to "Attachment 2" as the administrative remedy and Warden's response, although such records are actually included within Attachment 1; and refers to "Attachment 3" as the administrative remedy appeal and the Regional Director's response, even though those records are actually included in Attachment 2. As the records referred to in Comstock's Declaration are all properly included as attachments to the declaration, the Court will consider all of this record evidence, but any reference will be to the proper locations within the Appendix.

Coordinator addressed to Blevins for administrative remedy case number 767016 (Exhibit A (doc. 63) at 3-4); an October 5, 2015 Administrative Remedy-Response from Ian Connors, Administrator, National Inmate Appeals in administrative remedy case number 770274-A1 (Exhibit B (doc. 63) at 5-6); and a June 20, 2014 Memorandum from Anne L. Cummings, Administrative Remedy Coordinator, FCI-Waseca regarding a filing extension for Blevins in case log number 772064 (with reference to a "typo in the log number which is off by one digit")(Exhibit C (doc. 63) at 7-8).

Also, in a section of her form amended complaint, Blevins declared "under penalty of perjury" that the facts therein were "true and correct." (Am. Complaint (doc. 45) at 7). Thus, the Court will review Blevins's amended complaint. *See Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989)(noting that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affidavit if made "under penalty of perjury" and verified as "true and correct").

### III. SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo*

4

*Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)(citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. den'd*, 506 U.S. 825 (1992) (other citation omitted)).

In evaluating whether summary judgment is appropriate, the

Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted)(internal quotation marks omitted). "After the non-movant [here, Plaintiff] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**IV.  SUMMARY JUDGMENT ANALYSIS**

A. Applicable Law-Exhaustion Requirement

Defendants argue that Blevins failed to exhaust her administrative remedies prior to filing suit as required under 42 U.S.C. § 1997e(a). That provision, enacted as a part of the Prison Litigation Reform Act("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a)(West 2012). In *Booth v. Churner,* 532 U.S. 731 (2001), the Supreme Court held that Congress intended a prisoner to invoke whatever administrative grievance remedies are available within a jail or prison, without regard to whether the grievance procedure

affords money-damage relief, before he may file suit contesting prison conditions in federal court. *Booth,* 532 U.S. at 738-41. The Supreme Court later clarified that the 1997e(a) exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."*Porter v. Nussle,* 534 U.S. 516, 532 (2002). As the United States Court of Appeals for the Fifth Circuit has explained:

> Quibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*. Justice Souter summed up the Court's conclusion in a footnote:
>
>> Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.

*Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001)(citing *Booth,* 532 U.S. at 741 n.6). Then i*n Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court recognized for the first time that lack of administrative exhaustion was an affirmative defense, and expressly reaffirmed that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211, 212-17.

The Supreme Court has also clarified that a prisoner must "properly exhaust" his administrative remedies. *See Woodford v. Ngo,* 548 U.S. 81 (2006). Proper exhaustion under § 1997e(a) means that the inmate must complete whatever administrative review steps

are provided in accordance with the applicable procedural rules. *Id.* at 90-94. It does not include "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s]." *Id.* at 83-84. The Fifth Circuit has more recently stated:

> This court has taken a strict approach to the exhaustion requirement. *Dillon v. Rogers,* 596 F.3d 260, 268 (5th Cir. 2010). Proper exhaustion is required, meaning that the inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006).

*Lindsey v. Striedel,* 486 F. App'x 449, 452 (5th Cir. 2012) (citing *Woodford*, 548 U.S. at 90-91)). After the Supreme Court held that exhaustion was an affirmative defense, the Fifth Circuit explained that: "When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits." *Dillon,* 596 F.3d at 273.

### B. Application of Law to Blevins's Attempts to Exhaust

Plaintiff was a prisoner in the BOP FMC-Carswell facility at the time of the complained of events. "[T]o properly exhaust administrative remedies [a] prisoner must 'complete the administrative review process in accordance with the applicable procedural rules' . . . rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Jones*, 549 U.S. at 218 (citing *Woodford*,

8

548 U.S. at 88); *see Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015)(per curiam)("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them.")(citation omitted)); *Kidd v. Livingston*, 462 F. App'x 311,313 (5th Cir. 2012)(per curiam)("It is the prison's requirements, not the [PLRA], that define the requirements of exhaustion")(citing *Jones*, 549 U.S. at 218).

The BOP's Administrative Remedy Program is the grievance procedure applicable in this case. That program includes a multi-tier process for "review of an issue [that] relates to any aspect of [an inmate's] confinement." 28 C.F.R. § 542.10(a)(2017). Prior to beginning this process, the inmate must submit the issue of concern informally to staff. 28 C.F.R. § 542.13 (2017). If this informal attempt is unsuccessful, the inmate files a written administrative remedy request, form BP-9, to the warden within twenty days of the event which forms the basis for the request. 28 C.F.R. § 542.14(a)(2017). BOP regulations require that an inmate raise a single issue or reasonable number of closely related issues on each administrative remedy form. 28 C.F.R. § 542.14(c)(2). If the inmate is challenging a disciplinary action initiated by an incident report, the regulations require that each incident report must be challenged in a separately filed form.[6] *Id*. If the inmate

---

[6]Disciplinary Hearing Office (DHO) appeals bypass the requirement of filing at the institution level and are to be submitted directly to the Regional Office. 28 C.F.R. § 542.14(d)(2) (2017).

9

is not satisfied with the warden's response, the next step is to appeal to the Regional Director using a form BP-10 within twenty days of the date the warden signed the response. 28 C.F.R. § 542.15(a)(2017). If the inmate wishes to appeal the Regional Director's response, he must appeal to the office of the General Counsel on a form BP-11 within thirty days of the date the Regional Director signed the response. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.* "Where any administrative process remains uncompleted, the requirements of the PRLA are not met, and dismissal is proper." *Nottingham v. Richardson,* 499 F. App'x 368, 373 (5th Cir. 2012)(citations omitted).

Blevins was thus required to follow and complete the BOP administrative process as to her allegations that Defendants violated her constitutional rights, causing her injuries while she was housed in the SHU and subjected to an inmate attack. Defendants provide proof that Blevins did not complete exhaustion of these claims. (App. (doc. 54) at 4.) She filed an administrative remedy on January 28, 2014, assigned case number 767033-F1, raising claims that her injury from another inmate was foreseeable and the result of negligence and deliberate indifference, and she sought monetary compensation. (App. (doc. 54) at 4, 7, 8.) On March 4, 2014, the warden denied her request, and informed her of her right to appeal. (App.(doc. 54) at 4, 7.) On March 21, 2014, Blevins appealed the decision to the Regional Director. (App. (doc. 54) at 4, 12). The

Regional Director provided a response on April 8, 2014. (App. (doc. 54) 13.) Blevins has not shown that she filed an appeal from this response. (App. (doc. 54) at 4, 13, 18-20.) Blevins was required to complete exhaustion by filing an appeal to the General Counsel. *See* 28 C.F.R. § 542.15(a). Blevins acknowledges that she "does not know what happened to her remedy that she sent to Central Office." (Rule 7(a)(7) Reply (doc. 50) at 9-10). This record shows that Blevins did not complete exhaustion under the BOP administrative remedy procedures, and thus Defendants have met their burden to demonstrate lack of exhaustion under the PLRA.

Blevins argues that the failure to exhaust should be waived or excused for several reasons: the Defendants rejected her remedy and made the administrative remedy unavailable by changing the remedy number; she exhausted the appeal process on a grievance arising from a related disciplinary proceeding; and the rules and regulations are difficult and hard for inmates to navigate.(Br. in Opp'n to Mot. Summ. J.(doc. 62) at 5.) As the Fifth Circuit recently explained, recognizing its "strict approach" to exhaustion, "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their compliant . . . and the case must be dismissed if available administrative remedies were not exhausted." *Porter v. Peterson*, 747 F. App'x 247 (5th Cir. 2019)(quoting *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)(other citation omitted).

The Court will therefore consider Blevins's arguments as challenges to the availability of administrative remedies.

As noted above, Blevins's amended complaint included a declaration that the facts therein were true and correct under penalty of perjury. (Am. Compl. (doc. 45) at 7.) In the narrative portion of the amended complaint, Blevins recited that:

> After I was transferred to another facility in Waseca, Minnesota when I attempted to proceed to the next step in the administrative remedy process Carswell Warden Jody Upton attempted to interfere with my attempt to exhaust the administrative remedy procedure by falsely alleging the he had already replied and even refusing to sign the remedy reply.Washington D.C. never acknowledged my complaint.

(Am. Compl. (doc. 45) at 6.) Federal Rule of Civil Procedure 56(c)(1) provides that "[a]n affidavit of declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1). Furthermore, conclusory allegations and unsubstantiated assertions are not competent summary judgment evidence. *See Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006); *Forsyth v. Barr*, 19 F. 3d 1527, 1533 (5th Cir. 1994)(same); *see also Riley v. Univ. of Ala. Health Servs. Found., P.C.*, 990 F. Supp. 2d 1177, 1187 (N.D. Ala. 2014)("A party's mere 'belief' and/or speculation is not based on personal knowledge and is not competent summary judgment evidence")(citation omitted). Rather,"[f]or a matter to be considered within a witness's personal

knowledge, it must be 'derived from the exercise of his own senses, not from the reports of others--in other words, it must be founded on personal observation.'" *Id.* (quoting *United States v. Evans*, 484 F.2d 1178, 1181 (2d Cir. 1973)(internal citation omitted).

Applying these principles to review of Blevins's declaration, the Court finds that her writing regarding Upton and exhaustion is not based upon personal knowledge of facts, and instead is conclusory and unsubstantiated. Blevins cannot know, nor could she have observed, what actions Upton may or may not have taken after she was transferred to another institution. Furthermore, as noted above, Blevins otherwise acknowledged in her Rule 7(a)(7) reply, that she did not know "what happened with the remedy she sent to the Central Office." (Rule 7(a)(7) Reply (doc. 50) at 10.) Thus, the Court must disregard Blevins's conclusory statements as to Upton's actions and reject her claim that any defendant interfered with the availability of the completion of the administrative remedy procedures.

Also, in response to the summary-judgment motion, Blevins provided a copy of records arising from a separate grievance number 770274-A1 that arose from a disciplinary proceeding in which Blevins was found guilty of the prohibited act of fighting with another inmate. (Blevins App. (doc. 63) at 6-7.) Blevins asserts that Defendants cannot rely upon exhaustion as a defense because exhaustion of the disciplinary proceeding (administrative number 770274-FI) is the same as exhausting her remedies for the claims

13

and injuries made the basis of this case. (Rule 7(a)(7) Reply (doc. 50) at 9-10.) Blevins's current lawsuit is not a challenge to her disciplinary hearing, however, but instead relates to the injuries she suffered while in the SHU and her allegations that the named defendants were responsible for those injuries in violation of her constitutional rights. (Rule 7(a)(7) Reply (doc. 50) at 6-8.) Other courts have recognized that the exhaustion requirement for administrative remedies involving disciplinary decisions is distinct from the exhaustion requirement for civil-rights claims seeking monetary damages. *See Reyes v. Jordan*, No. 1:14-CV-1066, 2015 WL 5602912, at *4 (M.D. Pa. Sep. 23, 2015) ("Defendants concede that Reyes exhausted his administrative remedies with regard to the DHO hearing. They argue, however, that this is insufficient in that the BOP exhaustion process required for appeal of DHO decisions is distinct from the exhaustion process required for civil rights actions seeking monetary damages . . . [t]he Court agrees"); *Davis v. Bittenbinder*, No. 1:13-CV-2660, 2016 WL 561946, at *5 (M.D. Pa. Feb. 12, 2016) ("Although [Plaintiff] undisputedly exhausted the administrative review process with regard to the [disciplinary] proceedings, at no point following the resolution of his habeas petition in this Court, or the final disposition of the [disciplinary ] proceedings, did he raise any of the alleged *Bivens* claims in the administrative arena. Consequently, Defendants are entitled to summary judgment due to [Plaintiff's] failure to

14

exhaust his administrative remedies.") Thus, even though Blevins may have exhausted her appeal from a disciplinary proceeding (assigned number 770274), that procedure did not complete the exhaustion process as to her claims regarding the actions of Defendants in administrative case number 767033-FI.

Relatedly, Blevins contends that Defendants "made errors in the [administrative] remedy number making it untraceable." (Br. in Opp'n to Mot. Summ. J. (doc. 62) at 5.) But upon review of the Sentry records provided by Defendants, it is evident that Blevins herself filed numerous grievances in the same January/February 2014 period, including the one related to her claims now before the Court (#767033-F1), the one challenging the disciplinary proceeding as reviewed above (#770274), and several others. (App. (doc. 54) at 18.) But Defendants never confused the review of Blevins's efforts with regard to her pursuit of appeal of administrative remedies in case number 767033 with any other case. (App. (doc. 54) at 4, 7-8, 13-14.) Defendants arguments all related to Blevins's failure to complete exhaustion of case 767033-FI.

Lastly, with regard to Blevins's claims that the exhaustion requirement should be waived because "the process is difficult and hard for inmates to navigate," such assertion, without more, is not sufficient to excuse the exhaustion requirement. *See Smith v. Jones*, 606 F. App'x 899, 901 (10th Cir. 2015)(rejecting plaintiff's arguments that exhaustion should be excused due to the "plethora of grievance tricks and traps" and the allegation that staff declined to identify mistakes or answer questions about the "complex"

grievance procedure); *Simpson v. Cox*, No. 2:17-CV-185-WTL-DLP, 2018 WL 2118355 at *5 (S.D. Ind. May 8, 2018)("The Court understands that the [BOP] administrative grievance policy can be difficult to understand and follow, but this does not excuse the requirement that [Plaintiff] exhaust his administrative remedies before filing a complaint"); *Williams v. Wright*, No. CV 309-055, 2010 WL 1904570, at *2, 4-5 (S.D. Ga, March 25, 2010)(rejecting Plaintiff's claim that he should be excused from the exhaustion requirement because it is difficult to complete),*rep. and rec. adopted*, 2010 WL 1904563 (S.D. Ga. May 10, 2010). Accordingly, the Court rejects any argument that Blevins should be excused from the BOP's exhaustion requirement merely because she finds it difficult to complete.

In sum, because Plaintiff did not exhaust her administrative remedies as to the claims against the defendants made the basis of this suit, summary judgment should be granted in favor of the defendants on all of Plaintiff's claims against them.

**V.   CONCLUSION and ORDER**

For all of the foregoing reasons, the motion for summary judgment of defendants Upton, Campos, and Davison (doc. 52) is **GRANTED,** plaintiff Shondolyn Rochelle Blevins shall take nothing on her remaining claim against these defendants, and such claims are **DISMISSED WITH PREJUDICE.**

SIGNED March 26, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE